■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALVIN EDMONDS, Appellant, v. WARDEN OF QUEENS HOUSE OF DETENTION FOR MEN, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Queens County, entered June 22, 1964, which dismissed the writ. Judgment affirmed, without costs. Absent a showing of unreasonable delay between plea or verdict and sentence, the failure of a Trial Judge to follow literally the statutory mandate that a time for pronouncing judgment be fixed after a plea or verdict of guilty (Code Crim. Pro., § 471) does not support a claim of right in habeas corpus designed to effect resentence, where it appears that the relator received (Code Crim. Pro., § 472) due notice of sentence (*People ex rel. Wilkes* v. *Doherty,* 25 A D 2d 451; *People ex rel. Hunter* v. *Fay,* 25 A D 2d 568). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN HENRY VELLA, Appellant, v. WARDEN OF SUFFOLK COUNTY JAIL, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Suffolk County, entered September 10, 1965, which dismissed the writ and remanded him to the custody of respondent. Appeal dismissed, without costs, by reason of the fact that prior to the institution of this proceeding, and on July 2, 1965, relator was indicted for the crimes of burglary in the third degree and petit larceny and that subsequent to such institution of proceeding, and on March 18, 1966, judgment was entered convicting him of the crimes charged, upon a jury verdict, and imposing sentence. These events render all objections to relator's original detention academic (see *People ex rel. Hirschberg* v. *Close,* 1 N Y 2d 258). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.